DANIEL J. DEYO v. WILLIAM B. KEIGHLEY, PROSECUTOR.

Argued June 3, 1907—Decided July 25, 1907.

1. A state of demand in a justice's court, which, in a manner plain, intelligible and not liable to misapprehension, sets forth the nature of the claim will be sufficient.
2. The Supreme Court, in reviewing a judgment of the Court of Common Pleas, rendered by it on an appeal from the court for the trial of small causes, can only determine errors of law. It can neither retry the cause upon the merits nor decide upon the weight of evidence.

On *certiorari.*

Before Justice TRENCHARD.

For the prosecutor, *Henry S. Alford.*

For the defendant, *Edwin F. Miller.*

The opinion of the court was delivered by

TRENCHARD, J.  This writ brings up for review a judgment of the Court of Common Pleas of Cumberland county, entered after a trial *de novo*, on an appeal from the court for the trial of small causes.

The prosecutor, William B. Keighley, the defendant below, assigns, among other reasons, for reversal the following: Because the state of demand fails to set forth a cause of action, and was not corrected by proper amendment, after objection thereto by counsel for defendant.

The state of demand, in a manner plain, intelligible and not liable to misapprehension, sets forth the nature of the claim.  Such a state of demand is sufficient.  *Reed* v. *Rocap,* 4 *Halst.* 347.

All the other reasons for reversal are based on facts which the prosecutor insists must be deduced from the evidence.

There is attached to the return made to this court notes of the testimony taken on the trial of the appeal, but it is not the province of this court, in reviewing the judgments of the Court of Common Pleas in appeal cases, to retry the cause upon the merits.  It can neither determine disputed questions of fact nor consider the weight of evidence.  *Jeffrey* v. *Owen,* 12 *Vroom* 260.  The facts found by the court below must be either agreed upon by the parties or be settled by that court and returned here by it in response to a rule to certify the facts.  *South Brunswick* v. *Cranbury,* 23 *Id.* 298.  No such practice has been followed in the present case, but, instead, the prosecutor has appended to the return notes of the testimony taken at the trial.  Such notes cannot be looked at by this court.  *Lloyd* v. *Richman,* 28 *Id.* 385; *Deubel* v. *Vanderbilt,* 35 *Id.* 159.

The judgment of the pleas is affirmed, with costs.